UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARCELLA PITTMAN,

        Plaintiff,

   v.

ACE IN THE HOLE TOWING & TRANSPORT, INC., and RUSSELL LEON CORNETT JR,

        Defendants.

No. 2:24-cv-01359 WBS AC

ORDER RE: MOTION TO DISMISS

----oo0oo----

Plaintiff Marcella Pittman asserts two claims against defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 (failure to pay minimum wage) and 215 (retaliation); two claims under California Labor Code §§ 226.7 (failure to pay meal premiums) and § 203 (waiting time); and one claim under the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940 (retaliation). (Compl. (Docket No. 1).) Defendants Ace in the Hole Towing & Transport, Inc. and Russell Leon Cornett, Jr., move

1

to dismiss.  (Mot. (Docket No. 6).)[1]

I.   Rule 12(b)(3): Improper Venue

Defendants initially argued that venue is improper because (1) defendants do not reside in this district, and (2) no part of the alleged events giving rise to plaintiff's claim occurred in this district.  (See generally Mot.)  Defendants now concede in their reply, which was improperly filed eleven days past the filing deadline with no leave sought or explanation given[2], that venue is proper.  (See Reply (Docket No. 8) at 1-2.)  Accordingly, the court will not dismiss the complaint on the basis of improper venue.

II.  Rule 12(b)(6): Failure to State a Claim

Defendants next argue that the complaint fails to state a claim under Rule 12(b)(6) because (1) plaintiff's complaint "fails to provide evidence or exhibits to support its allegations" (Mot. at 3), and (2) plaintiff waived all rights to assert the instant claims pursuant to a severance agreement executed by the parties, which defendants attach as an exhibit to their motion to dismiss.  (See generally id.)

   A.   Failure to Provide Evidentiary Support

Defendants' first argument fundamentally misconstrues the legal standard governing motions to dismiss.  At the pleading

---

[1] Defendants' motion to dismiss is comprised of one full page of legal argument and invokes two legal issues that do not engage meaningfully with plaintiff's factual allegations. Accordingly, the court need not recite the complaint's factual allegations in detail here.

[2] See Local Rule 230(d) (if filing reply to opposition, ten days to do so).

2

1   stage, the court inquires only whether, accepting the allegations
2   in the complaint as true and drawing all reasonable inferences in
3   the plaintiff's favor, the plaintiff has stated a claim to relief
4   that is plausible on its face.  See Ashcroft v. Iqbal, 556 U.S.
5   662, 678 (2009).  "A claim has facial plausibility when the
6   plaintiff pleads factual content that allows the court to draw
7   the reasonable inference that the defendant is liable for the
8   misconduct alleged."[3]  Id.

To the extent that defendants actually challenge the
sufficiency of the allegations as pled, it is impossible to tell
from defendants' motion which allegations and claims are even at
issue.  All that defendants offer is the following legal
conclusion: "Plaintiff's complaint fails to state sufficient
facts or evidence to support her claims."  (Mot. at 3.)  This
falls unsurpassably short of the burden that defendants must meet
to prevail on a Rule 12(b)(6) motion to dismiss.

The court therefore will not dismiss any claims because
of a lack of evidence at the pleading stage.

B.   Severance Agreement/Waiver

Defendants' second argument, regarding waiver, is
flawed for at least two reasons.  First, in deciding a Rule
12(b)(6) motion, the court generally looks only to the face of
the complaint and documents attached thereto.  See Van Buskirk v.

---

[3]   The court accordingly will give no weight to defendants' argument, raised in reply along with an improper supporting exhibit, that attacks the veracity of plaintiff's allegations that she was terminated as retaliation, as opposed to the sufficiency of such allegations taken as true.  (See Reply at 3 & Ex. C.)

3

1  Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002); Hal
2  Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542,
3  1555 n.19 (9th Cir. 1990).  The court can additionally consider
4  documents either properly subject to judicial notice, see Barron
5  v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), or incorporated by
6  reference in the complaint itself, so long as no party questions
7  their authenticity, see Knievel v. ESPN, 393 F.3d 1068, 1076 (9th
8  Cir. 2005).  Neither circumstance applies here.  Defendants do
9  not request that the court take judicial notice of any of the
10 exhibits or declarations it has filed, nor does the court see any
11 basis for taking judicial notice of them.  Plaintiff's complaint
12 also makes no reference to any severance agreement, and in
13 opposition, plaintiff via sworn declaration directly challenges
14 the agreement's authenticity.  (See Docket No. 7-1 at ¶ 3 ("I was
15 never provided with this document.  I never signed this document.
16 I had never seen this document prior to being shown the
17 Defendants' Motion to Dismiss papers in this case.").)
18       Second, defendants' waiver argument is an affirmative
19 defense.  See, e.g., Santiago v. Amdocs, Inc., No. C 10-4317 SI,
20 2011 WL 6372348, at *4 (N.D. Cal. Dec. 19, 2011); Perez v. Uline,
21 Inc., 157 Cal. App. 4th 953, 957 (4th Dist. 2007).  Plaintiffs
22 bear no obligation to plead around affirmative defenses.  See
23 Fed. R. Civ. P. 8; Jones v. Bock, 549 U.S. 199, 216 (2007).  And
24 while "ordinarily, affirmative defenses may not be raised on a
25 motion to dismiss," the court may consider affirmative defenses
26 "on a motion to dismiss when there is some obvious bar to
27 securing relief on the face of the complaint.  In other words,
28 dismissal based on an affirmative defense is permitted when the

complaint establishes the defense." <u>U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.</u>, 931 F.3d 966, 972-73 (9th Cir. 2019) (quotations and citations omitted).  Here, because the complaint does not even reference the severance agreement, the court naturally concludes that the complaint does not establish the defense.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Docket No. 6) be, and the same hereby is, DENIED.[4]

Dated: July 17, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] The hearing on this motion, currently scheduled on August 5, 2024 before the undersigned, is hereby VACATED.